[Civ. No. 12589. Second Dist., Div. One. Oct. 1, 1941.]

JOHN E. DUNGEY et al., Appellants, v. PACIFIC ELEC-
TRIC RAILWAY COMPANY (a Corporation) et al.,
Respondents.

Lasher B. Gallagher for Appellants.

Frank Karr, C. W. Cornell, O. O. Collins and Randolph
Karr for Respondents.

DORAN, J.—This is an action for personal injuries alleged
to have been sustained as the result of an automobile collision.
Upon the conclusion of the introduction of evidence on the
question of liability, a motion for a directed verdict by de-
fendants was granted. This appeal is from the judgment
accordingly entered.

It is contended by appellants that the evidence fails
to sustain the trial court in the action thus taken. Plain-
tiffs' auto collided with a passenger bus operated by the
defendant corporation at the intersection of Van Alden and
Sherman Way in or near Reseda, California. Plaintiffs were
travelling south on Van Alden; the bus was travelling west
on Sherman Way. At the time the collision occurred plain-
tiffs were making a left turn from Van Alden into Sherman
Way. The dispute results from the manner in which the

left turn was made, which, by virtue of the conditions that existed at the intersection, the trial court held in effect was contributory negligence as a matter of law. There can be no question as to the correctness of the court's ruling in this regard.

Sherman Way is a wide boulevard with a single street car track in the approximate center. Van Alden is a comparatively narrow street and apparently ends at Sherman Way. The photographs in evidence show a drainage dip across Sherman Way about the width of Van Alden, apparently constructed for the purpose of disposing of storm water flowing from Van Alden into and across Sherman Way. For about one third of the width of Sherman Way and in the approximate center thereof, this dip is covered level with the grade, thus allowing a space thereunder (about two feet in height) for the flow of storm water. At the edges of the cover over the dip are erected solid concrete railings or guard walls about two and a half feet high, which, being parallel to the sides, are at right angles to Van Alden and amount to a barrier around which traffic entering Sherman Way from Van Alden must pass either to the right or left.

Appellants contend as follows: 1st: "It is obvious from the facts in this case that the entity which is responsible for the maintenance of a permanent obstruction which made it impossible for any person to comply with this .section of the Vehicle Code was the defendant Pacific Electric Railway Company." 2nd: "Appellants state that it is utterly impossible for any person to execute a left turn within the boundaries of this intersection unless he turns to the left when faced with the permanent obstruction used by the defendant Pacific Electric Railway Company for the passage of its street cars."

The record is entirely destitute of the slighest evidence tending to support either contention. To the contrary the record reveals that appellants failed to negotiate the left turn from Van Alden into Sherman Way according to and in the manner required by the Vehicle Code. (Sec. 540(b), Vehicle Code.) The fact that by driving around the culvert to the right would be more inconvenient is no justification for appellants' conduct.

The action of the trial court in directing a verdict for defendants was entirely proper. The evidence conclusively established contributory negligence on the part of plaintiffs as a matter of law and, as well, wholly failed to establish any negligence on the part of defendants.

Judgment affirmed.

York, P. J., and White, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 27, 1941. Houser, J., and Carter, J., voted for a hearing.